UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| GREGORY S. ALLISON, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:09-CV-27 |
| | ) | | (VARLAN/SHIRLEY) |
| JAMES BERRONG, et al. | ) | | |
| | ) | | |
| Defendants. | ) | | |

**MEMORANDUM AND ORDER**

This civil action is before the Court on Defendant James Berrong's ("Defendant Berrong") Motion to Dismiss. [Doc. 9.] Plaintiff Gregory S. Allison ("Plaintiff Allison") has not responded to the motion to dismiss, and the time for doing so has passed. *See* L.R. 7.1(a), 7.2. The Court has carefully reviewed the pending motion and supporting memorandum in light of the applicable law. [Docs. 9, 10.] For the reasons set forth herein, the motion to dismiss will be granted in part and denied in part.

**I.    RELEVANT BACKGROUND**

Defendant Berrong is the Sheriff of Blount County, Tennessee, and the supervisor of the Blount County Jail in Blount County, Tennessee ("Blount County Jail"). [Doc. 3 at 2.] Defendant Berrong is the alleged supervisor of the other "law enforcement and/or jail personnel" defendants in this case. [Doc. 3 at 2.] Plaintiff Allison was an inmate incarcerated in the Blount County Jail. [Doc. 3 at 2.] Due to allegedly racist tattoos on his body, Plaintiff Allison expressed fear of other inmates and asked to be placed in protective custody. [Doc.

3 at 3-4.] Jail authorities granted the protective custody request, and Plaintiff Allison was placed in protective custody. [Doc. 3 at 3.] Protective custody involved being locked down for twenty-three (23) hours a day and allowed out of the cell for only one hour to use the shower and telephone. [Doc. 3 at 3.] According to Plaintiff Allison, he was placed in a "two-man protective custody cell," which was one of several cells in a larger pod. [Doc. 3 at 3.] The pods were allegedly designed so that only one cell door was to be opened at a time in order to prevent other inmates from having access to the two inmates let out to use the shower and telephone. [Doc. 3 at 3.] Jail personnel allegedly controlled the opening, closing, and locking of the cell doors. [Doc. 3 at 3.]

On or about February 8, 2008, another cell door was allegedly opened, which permitted two inmates from another cell out into the pod while Plaintiff Allison was taking one hour out of his protective custody cell. [Doc. 3 at 3-4.] Plaintiff Allison alleges that these two inmates then attacked and beat him, causing him injuries and damages. [Doc. 3 at 3-4.] He also alleges that no jail personnel intervened to rescue him. [Doc. 3 at 4.]

On February 2, 2009, Plaintiff Allison filed the present action, which included a claim of individual liability against Defendant Berrong. [*See* Doc. 3.] Defendant Berrong, in his individual capacity, subsequently filed the present motion to dismiss. [Doc. 9.]

## II.  STANDARD OF REVIEW

A party may move to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). In determining whether to grant a motion to dismiss, all well-pleaded allegations must be taken as true and be construed most favorably toward the non-movant.

2

*Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003). While a court may not grant a Rule 12(b)(6) motion based on disbelief of a complaint's factual allegations, *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990), the court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). The Sixth Circuit has made it clear that despite the liberal system of notice pleading, conclusory allegations are not enough to survive Rule 12(b)(6) dismissal. *See MacDermid v. Discover Fin. Servs,* 488 F.3d 721, 733 (6th Cir. 2007). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The issue is not whether the plaintiff will prevail, but whether the claimant is entitled to offer evidence to support his or her claim. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). Consequently, a complaint will not be dismissed pursuant to Rule 12(b)(6) unless there is no law to support the claims made, the facts alleged are insufficient to state a claim, or there is an insurmountable bar on the face of the complaint.

### III.  ANALYSIS

In his complaint, Plaintiff Allison makes a 42 U.S.C. § 1983 claim against Defendant Berrong, in his individual capacity, based on rights under the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution. [Doc. 3 at 5.] Additionally, the complaint appears to assert state law claims against Defendant Berrong, in his individual capacity, when construed in a light most favorable to Plaintiff Allison. [*See* Doc. 3 at 6.] Notably, Defendant Berrong requests that he be completely dismissed from this action in his

individual capacity; however, his motion to dismiss only provides argument and law on the § 1983 claim. Thus, there is insufficient argument for the Court to evaluate the propriety of dismissing the state law claims at this time. Accordingly, the Court will deny Defendant Berrong's motion to the extent he seeks dismissal of the individual capacity state law claims against him.

As to the § 1983 claim, Defendant Berrong contends that dismissal is appropriate because he is entitled to qualified immunity and because there are insufficient allegations to hold him individually liable. Because Defendant Berrong has raised qualified immunity as a defense, Plaintiff Allison bears the burden of demonstrating that Defendant Berrong is not entitled to qualified immunity. *Everson v. Leis*, 556 F.3d 484, 494 (6th Cir. 2009).

Qualified immunity "shields government officials from personal liability 'for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Id.* at 493 (quoting *Smoak v. Hall*, 460 F.3d 768, 777 (6th Cir. 2006)). This doctrine "protects all but the plainly incompetent or those who knowingly violate the law." *Everson*, 556 F.3d at 494 (quoting *Dorsey v. Barber*, 517 F.3d 389, 394 (6th Cir. 2008)). The Supreme Court has held that there are two prongs to the analysis for qualified immunity claims: (1) "a court must decide whether the facts that a plaintiff has alleged . . . or shown . . . make out a violation of a constitutional right" and (2) "whether the right at issue was 'clearly established' at the time of the defendant's alleged misconduct." *Pearson v. Callahan*, 129 S. Ct. 808, 815-16 (2009) (citing *Saucier v. Katz*, 533 U.S. 194 (2001)). In *Pearson*, the Supreme Court recognized

4

that "judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson*, 129 S. Ct. at 818 (holding that the *Saucier* protocol was beneficial but not mandatory in all cases).

In this case, the Court will first address whether Plaintiff Allison has made sufficient allegations that Defendant Berrong, in his individual capacity, violated a constitutional right before addressing the "clearly established" prong, if necessary. Viewed in a light most favorable to Plaintiff Allison, the allegations in the complaint do not show that Defendant Berrong violated any constitutional right. The only specific allegation regarding Defendant Berrong in the complaint is that he "is a duly elected Sheriff of Blount County, Tennessee, and the supervisor of the Blount County Jail and of the remaining Defendants named in this Complaint." [Doc. 3 at 2.] The remaining allegations in Plaintiff Allison's complaint are general allegations against "Defendants." Notably, "a supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it. At a minium a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). (citation omitted). In this case, the complaint lacks this sort of specific allegation as to action or inaction by Defendant Berrong.

5

Plaintiff Allison generally alleges that "Defendants had a policy of not protecting inmates at the Blount County Jail from the attacks of other inmates" and "a policy of not assiduously guarding the safety of protective custody inmates from the attacks of other inmates." [Doc. 3 at 4-5.] However, the Sixth Circuit has held that such general allegations are more appropriately submitted against the municipality itself and not the supervisors in their individual capacities. *Phillips v. Roane County, Tenn.*, 534 F.3d 531, 543-44 (6th Cir. 2008).[1] While supervisors may be held liable in their individual capacities, the Sixth Circuit has held that plaintiffs "must point to a specific action of each individual supervisor to defeat a qualified immunity claim." *Id.* at 544. As discussed previously, Plaintiff Allison's complaint simply lacks specific allegations regarding Defendant Berrong necessary to satisfy the first prong of the qualified immunity inquiry. Also, Plaintiff Allison's failure to respond to the motion to dismiss further demonstrates his failure to meet the burden necessary to defeat Defendant Berrong's qualified immunity claim in this case. Thus, the Court will grant Defendant Berrong's motion to dismiss as to the § 1983 claim against him in his individual capacity.

## IV. CONCLUSION

For the reasons set forth herein, the Motion to Dismiss [Doc. 9] is hereby **GRANTED in part**, whereby the 42 U.S.C. § 1983 claim against Defendant James Berrong, in his individual capacity, is **DISMISSED with prejudice** due to qualified immunity. The Motion

---

[1] The Court notes that it makes no ruling on the merits of Plaintiff Allison's "policy" claims as they may be applicable to the municipality, Blount County, Tennessee.

to Dismiss is **DENIED in part** as to the state law claims against Defendant Berrong, in his individual capacity. Additionally, Plaintiff Allison's claims remain against the other defendants in this action.

IT IS SO ORDERED.

                                                   s/ Thomas A. Varlan
                                                   UNITED STATES DISTRICT JUDGE