UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| GREGORY S. ALLISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:09-CV-27 |
| | ) | (VARLAN/SHIRLEY) |
| JAMES BERRONG, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

This civil action is before the Court on defendant James Berrong's Motion to Dismiss State Law Claims Against James Berrong, in his Individual Capacity [Doc. 14], in which defendant Berrong requests that the state law claims against him be dismissed because plaintiff has failed to state a claim upon which relief can be granted. Plaintiff filed a response [Doc. 16][1] and defendant has filed a reply to that response [Doc. 17].

---

[1] Although plaintiff styles this filing as a response, he requests in the filing that the "Court give [him] additional time before requesting [sic] [p]laintiff to respond, so that discovery can be accomplished" [Doc. 16]. The Court thus treats this response as a motion for extension of time in which to respond to defendant's motion to dismiss. However, in considering a motion to dismiss under Rule 12(b)(6), the Court is instructed to examine only the pleadings and attachments thereto in determining whether the plaintiff has stated a legally cognizable claim. *See Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001) ("In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account."). A plaintiff has no right to obtain discovery prior to the Court's issuance of a ruling on the motion to dismiss. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003) (quoting *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987)) ("The very purpose of Fed. R. Civ. P. 12(b)(6) 'is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery.'"). Thus, to the extent plaintiff seeks an extension of time in which to file a response to defendant's motion to dismiss in order to conduct additional discovery, that request will be denied. Further, plaintiff has failed to file a response in the nearly six months since defendant filed the motion to dismiss, and the time for doing so has now passed. *See* E.D.TN. LR 7.1(a), 7.2.

This matter is now ripe for the Court's consideration.

## I. Background

Plaintiff filed the complaint in this case on February 2, 2009 [Doc. 3]. In that complaint, plaintiff alleges as follows: plaintiff is a citizen and resident of Blount County, Tennessee [*Id.*, ¶ 3]. Defendant Berrong is the sheriff of Blount County, as well as the supervisor of the Blount County Jail and of the other defendants named in the complaint [*Id.*, ¶ 4]. Defendants John Doe 1-5 are all law enforcement officers and/or jail personnel, and are employed by Blount County [*Id.*, ¶ 5]. Blount County is a governmental entity, organized and existing under Tennessee law [*Id.*, ¶ 6].

On or about February 8, 2008, plaintiff was incarcerated at the Blount County Jail [*Id.*, ¶ 7]. He had been incarcerated there for approximately eight months [*Id.*]. Plaintiff had certain tattoos on his body as a result of a previous affiliation with the Aryan Nation [*Id.*, ¶ 8]. Plaintiff had expressed a fear of other inmates, particularly African-American inmates, because of these tattoos, prior to February 8, 2008 [*Id.*].

Based upon this fear, plaintiff asked to be placed in protective custody [*Id.*]. Jail authorities granted that request [*Id.*, ¶ 9]. Being held in protective custody meant that plaintiff was on lockdown for twenty-three hours a day, and was allowed out of his cell for only one hour each day in order to shower and use the telephone [*Id.*]. It also meant that plaintiff was supposed to be completely separate from all other inmates, except for his cellmate [*Id.*].

Plaintiff's two-man protective custody cell was one of several two-man protective custody and maximum custody cells in a larger pod [*Id.*, ¶ 10]. The pod was designed so that only one cell door was to be opened at a time; this prevented other inmates from having access to the two inmates who had been released to shower and use the telephone [*Id.*]. Jail personnel controlled the opening, closing, and locking of the cell doors [*Id.*].

On or about February 8, 2008, while plaintiff was taking his allotted one hour out of his protective custody cell, another cell door was opened, and two African-American inmates from another cell were allowed to be out [*Id.*, ¶ 11]. While these inmates were out, they attacked plaintiff, and "beat him savagely" [*Id.*]. No jail personnel intervened to rescue plaintiff [*Id.*, ¶ 12]. As a consequence of this attack, plaintiff was "rendered senseless and was close to death" [*Id.*, ¶ 13]. Plaintiff was afterwards transferred by ambulance to the University of Tennessee Memorial Hospital, where he remained in a coma for two months [*Id.*]. He spent the following three months in a nursing home, and cannot walk despite extensive rehabilitation efforts [*Id.*]. Plaintiff's medical and nursing home bills, which Blount County paid, totaled approximately $170,000.00 [Doc. 4, ¶ 13]. The "neurological deficits" resulting from the attack have placed plaintiff in a "vegetative state" for most of the last year [Doc. 3, ¶ 13].

On the basis of these allegations, plaintiff claims (1) violations of his federal constitutional rights under 42 U.S.C. § 1983; (2) violations of the state common law tort of "outrageous conduct"; and (3) violations of his state constitutional rights under Article I, § 32 of the Tennessee Constitution [*Id.*, ¶¶ 17-25]. Plaintiff seeks an award of $5,000,000.00

in compensatory damages against defendants; $500,000.00 in punitive damages against each individual defendant; and reasonable attorney's fees and costs [Doc. 3].

On May 5, 2009, defendant Berrong filed a motion to dismiss [Doc. 9], requesting that the case against him be dismissed because it did not state a claim upon which relief could be granted. This Court granted that motion on June 29, 2009 with respect to the federal claims raised against defendant Berrong [Doc. 12]. But the Court noted that, while "[d]efendant Berrong requests that he be completely dismissed from this action in his individual capacity," "his motion to dismiss only provides argument and law on the § 1983 claim" [*Id.*]. The Court thus denied defendant Berrong's May 5, 2009 motion to dismiss "to the extent he seeks dismissal of the individual capacity state law claims against him" [*Id.*].

On September 30, 2009, defendant Berrong filed a motion to dismiss the state law claims against him as well [Doc. 14], arguing that (1) "plaintiff has not alleged any facts that are sufficiently 'outrageous' enough to support an intentional infliction of emotional distress claim under state law," and that (2) plaintiff has no cause of action under the Tennessee Constitution [*Id.*]. Plaintiff filed a response to the motion to dismiss [Doc. 16] on October 15, 2009. Defendant filed a reply to the response [Doc. 17] on October 21, 2009.

The Court has carefully considered the motion to dismiss, the response, and the reply in light of the applicable law. For the reasons that follow, the motion to dismiss will be granted.

4

## II. Standard of Review

Federal Rule of Civil Procedure 8(a)(2) sets out a liberal pleading standard. *Smith v. City of Salem*, 378 F.3d 566, 576 n.1 (6th Cir. 2004). Rule 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the [opposing party] fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. A formulaic recitation of the elements of a cause of action will not do. *Id.* Nor will an "unadorned, the-defendant-unlawfully harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A pleading must instead "contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436-37 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). "Determining whether a complaint states a plausible claim for relief will [ultimately] . . . be a context-specific task that requires th[is Court] to draw on its judicial experience and common sense. *Iqbal*, 129 S. Ct. at 1937.

## III. Analysis

Defendant Berrong argues that the allegations of outrageous conduct and violations of the Tennessee Constitution lodged against him in plaintiff's complaint fail to state claims upon which relief can be granted. The Court considers each set of allegations below.

5

### A. Outrageous Conduct

The tort of outrageous conduct is also known as the tort of intentional infliction of emotional distress. *Doe 1 ex rel. Doe v. Roman Catholic Diocese*, 154 S.W.3d 22, 23 (Tenn. 2005). To succeed on a claim of outrageous conduct, a plaintiff must prove that the complained-of conduct (1) is intentional or reckless; is (2) "so outrageous that it is not tolerated by a civilized society"; and (3) results in serious mental injury. *Id.* (quoting *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997)). Liability exists "only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Id.* A successful case will be "one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'." *Id.* (quoting *Medlin v. Allied Inv. Co.*, 398 S.W.2d 270, 274 (Tenn. 1966)).

Defendant Berrong argues that plaintiff has failed to allege a set of facts against him that can satisfy the elements of this cause of action. Defendant Berrong argues that, other than plaintiff's allegation that defendant Berrong is the sheriff of Blount County and the supervisor of the Blount County Jail, plaintiff raises no specific allegations against him [Doc. 15]. He argues further that even the "vague and general" allegations plaintiff raises against him cannot support an outrageous conduct claim [*Id.*]. Defendant Berrong thus argues that the outrageous conduct claims against him should be dismissed.

The Court agrees with defendant Berrong. As noted, the only specific allegations plaintiff raises in his complaint against defendant Berrong are that he is the sheriff of Blount

6

County and the supervisor of the Blount County Jail [Doc. 3, ¶ 4]. Plaintiff's also raises general allegations that the defendants "intentionally, or with reckless disregard of the consequences, caused the cell door of [p]laintiff's attackers to be left open while [p]laintiff was out of his cell in the pod"; "had a policy of not protecting inmates at the Blount County Jail from the attacks of other inmates"; and "had a policy of not assiduously guarding the safety of protective custody inmates from the attacks of other inmates" [*Id.*, ¶¶ 14-15].

As defendant Berrong points out, however, plaintiff has not alleged that defendant Berrong "personally caused the door to open" [Doc. 15]. Nor has plaintiff alleged that defendant Berrong "took part in the attack" [*Id.*]. At most, plaintiff has alleged that defendant Berrong is somehow connected to a jailhouse policy of exposing Blount County inmates to attacks by other inmates. Such allegations are too inspecific to support an outrageous conduct claim against defendant Berrong. *See Dunn v. Moto Photo, Inc.*, 828 S.W.2d 747, 752 (Tenn. Ct. App. 1991) (quoting *Medlin*, 398 S.W.2d at 274) ("[I]t is not enough in an [outrageous conduct] action . . . to allege a legal conclusion; the actionable conduct should be set out in the [complaint]."). Moreover, even if these allegations were sufficiently specific or true, they could not support a claim for outrageous conduct. *See Sperle v. Mich. Dep't of Corr.*, 297 F.3d 483, 496-47 (6th Cir. 2002) (quoting *Roberts v. Auto-Owners Ins. Co.*, 374 N.W.2d 905, 908 (Mich. 1985)) ("Any criticism of either the [state prison's] security measures or the defendant[] [prison warden's] failure to prevent [the attacker and victim] from coming into contact with each other relates to errors of judgment that the defendant[] arguably made. But [these] purported mistakes are not 'atrocious, and

7

utterly intolerable in a civilized community.'"). Dismissal of the outrageous conduct claims against defendant Berrong is therefore appropriate.

The Court now turns to consideration of plaintiff's claims of violations of the Tennessee Constitution.

### B. Violations of the Tennessee Constitution

Plaintiff alleges violations by defendant Berrong of Article I, § 32 of the Tennessee Constitution. Section 32, entitled "Prisons and prisoners," provides that "the erection of safe prisons, the inspection of prisons, and the humane treatment of prisoners, shall be provided for." As plaintiffs correctly explain, however, a plaintiff cannot recover damages for an alleged violation of the Tennessee Constitution. *Lee v. Ladd*, 834 S.W.2d 323, 325 (Tenn. Ct. App. 1992); *Bennett v. Horne*, No. 89-31-II, 1989 WL 86555, at * 2 (Tenn. Ct. App. Aug. 2, 1989). Dismissal of this claim against defendant Berrong is thus also appropriate.

### IV. Conclusion

For the reasons above, defendant Berrong's Motion to Dismiss State Law Claims Against James Berrong, in his Individual Capacity [Doc. 14] is hereby **GRANTED**. Defendant James Berrong is **DISMISSED** as a party to this case.

IT IS SO ORDERED.

                        s/ Thomas A. Varlan
                        UNITED STATES DISTRICT JUDGE